**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

KEITH WILLIAM DEBLASIO,
Plaintiff-Appellant,

v.

GARY LOWMAN, Special Agent; GREG

MROZ, Special Agent; DENNIS
LYNCH, ATSAIC; STEVEN W.
MASON, SAIC, sued in their
individual and official capacities,
Defendants-Appellees.

No. 99-6146

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
J. Frederick Motz, Chief District Judge.
(CA-96-2997-JFM)

Submitted: June 22, 1999

Decided: September 20, 1999

Before WIDENER, MURNAGHAN, and HAMILTON,
Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

_____

**COUNSEL**

Keith William DeBlasio, Appellant Pro Se. Albert David Copperthite,
OFFICE OF THE UNITED STATES ATTORNEY, Baltimore,
Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Keith William DeBlasio appeals the district court's order granting summary judgment in favor of the Defendants in his <u>Bivens</u>* action alleging numerous civil rights violations. We have reviewed the record and the district court's opinion and find no reversible error as to the majority of DeBlasio's claims. We find, however, that the district court failed to address DeBlasio's claim that Defendant Lynch conducted a search of his car without his consent or any other valid exception to the warrant requirement. Accordingly, we remand this claim for a factual determination. We also conclude that a genuine issue of material fact exists as to DeBlasio's claim that his consent to search his residence was the result of unlawful coercion on the parts of Defendants Lowman and Mason. Accordingly, while we affirm the remaining claims on the reasoning of the district court, <u>see DeBlasio v. Lowman</u>, No. CA-96-2997-JFM (D. Md. Jan. 12, 1999), we remand DeBlasio's claim regarding the search of his car, as to Defendant Lynch, and vacate the district court's order regarding DeBlasio's consent to search claim as it relates to Defendants Lowman and Mason, and remand that claim to the district court for a factual determination. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART, VACATED IN PART, AND REMANDED</u>
_____

*<u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971).

2